Surisa Rivers, State Bar No. 250868
Sarah Gross, State Bar No. 292170
SURISA RIVERS LAW OFFICE
2910 W. Broadway, Suite 100B
Los Angeles, CA 90041
Phone: (323) 312-5320
Fax: (213) 402-6077
surisa@riverslawoffice.org
sarah@riverslawoffice.org

Wilmer J. Harris, State Bar No. 150407
SCHONBRUN SEPLOW HARRIS & HOFFMAN, LLP
715 Fremont Avenue, Suite A
S. Pasadena, CA 91030
Phone: (626)441-4129
Fax: (626)283-5770
wharris@sshhlaw.com

Attorneys for Plaintiff

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLISA WARE, through her guardians ad litem, MONTE AND DENISE WARE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT; BRUCE GARVER; JOSE BARAJAS; MICHELLE PARSONS; JOHAN MEKEL; JAMIE HOLLINGWORTH; LAURA PLAISANCE; GLENDA WASHINGTON; CHERI KREITZ; AND SUPERINDENDENT, DAVID J. VIERRA, and DOES 1-10,<br><br>                    Defendants. | **CASE NO. 2:15-cv-8124**<br><br>**COMPLAINT**<br><br>1)   THE AMERICANS WITH DISABILITIES ACT OF 1990;<br>2)   SECTION 504 OF THE REHABILITATION ACT OF 1973<br>3)   UNRUH CIVIL RIGHTS ACT;<br>4)   CALIFORNIA GOVERNMENT CODE SECTION 11135;<br>5)   42 U.S.C. SECTION 1983 (DUE PROCESS CLAUSE OF THE 14TH AMENDMENT);<br>6)   42 U.S.C. SECTION 1983 (EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT);<br>7)   BATTERY;<br>8)   ASSAULT;<br>9)   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>10) NEGLIGENT SUPERVISION;<br>11) NEGLIGENCE;<br>12) CALIFORNIA EDUCATION CODE §§ 200, 201, 220, and 260;<br>13) ARTICLE I, SECTION 7(A) & ARTICLE IV, SECTION 16(A) OF THE CALIFORNIA CONSTITUTION. |

_____)   **JURY TRIAL DEMANDED**

PLAINTIFF, Carlisa Ware, through her guardians ad litem, allege as follows:

## INTRODUCTION

1.     Plaintiff submits this complaint for the violation of her civil rights, battery, assault, intentional infliction of emotional distress, negligent supervision, and negligence based upon the Defendants' violations of California and Federal laws.

2.     Plaintiff is a disabled student, who, due to the severity of her disabilities was unable to report the abuse she was forced to endure, which included but was not limited to battery, assault, and intentional infliction of emotional distress.

3.     Defendants tasked unqualified and inadequately trained staff with supervising plaintiff, failed to document and report incidents of abuse, and failed to take reasonable steps to prevent further abuse.

4.     The abuse occurred in January 2014, and may have started as early as August 2011, and no effort has been shown to adequately protect Plaintiff from the continued abuse until her parents removed her from DEFENDANT BRUCE GARVER'S classroom in October 2014.

5.     The harmful effects of the abuse suffered by Plaintiff at the hands of the staff directly abusing her have been compounded by all Defendants' willful failure to adequately report, document, respond to, investigate, and prevent the abuse. Even after parents approached Defendants requesting information about the abuse that would allow them to mitigate their child's damages, Defendants failed to provide any meaningful information regarding what transpired in their child's classroom.

6.     In fact, Defendants failed to follow its Uniform Complaint Procedures, despite the parents' request for an investigation pursuant to the District's UCP on March 30, 2015. Although the District originally informed the parents that it was conducting an investigation per the UCP and would be providing an investigation report by June 30, 2015, the District instead had its general counsel conduct an investigation. The District's general counsel recently informed the parents that the District would not provide any details of the investigation because it was now attorney-client privileged communication.

7.     Plaintiff timely filed Tort Claims Notices under Government Code section 910 *et seq.* Defendants rejected the Tort Claims Notice on April 16, 2015.

8.     The Office of Administrative Hearings does not have jurisdiction over the claims within the present complaint and Plaintiff's injuries cannot be redressed under the IDEA's due process procedures. Plaintiff has filed a request for due process relating to the violations of Plaintiff's special education rights separate and apart from the present action.

9.     Due to both the nature of Plaintiff' disabilities, which preclude her from reporting the abusive acts, and the purposeful concealment of the acts by Defendants, Plaintiff is at this point unable to describe all of the abusive acts directed at Plaintiff and the exact length of time the abuse was endured. Plaintiff expressly reserves her right to amend this Complaint to include additional facts and/or claims as discovery as this case proceeds.

## JURISDICTION

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1367 for claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et seq.*,

1343 for claims arising under the United States Constitution, and for claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. sections 794, *et seq.*

11.   Under the doctrine of pendant and supplemental jurisdiction, 28 U.S.C. section 1367, this Court has jurisdiction over Plaintiff's claims arising under California state law.

12.   This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. sections 2201 and 2202.

**VENUE**

13.   Pursuant to 28 U.S.C. section 1391(b), venue is proper in the district in which this Complaint is filed, which is the judicial district in which the claims have arisen, the Central District of California.

**PARTIES**

14.   Plaintiff is diagnosed with Cerebral Palsy and Asthma and lives within the ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT boundaries.  Cerebral Palsy includes one of a number of neurological disorders that appear in infancy or early childhood and permanently affect body movement and muscle coordination.

15.   Plaintiff is an eighteen-year-old student. As a result of her cerebral palsy, she has a severe impairment in speech and language and cognitive impairments. Plaintiff is able to walk and run. She requires assistance toileting and where a diaper under her clothes to school. She also cannot ingest any food and and requires a feeding (gastronomy) tube. Plaintiff resides in Lancaster, California with her parents Denise and Monte Ware. She is a person with a disability at all times referenced herein within the meaning of all applicable state and federal disability non-discrimination laws. This action is brought by Plaintiff's parents on her behalf as her guardians ad litem.

16.     Defendant ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT (the "DISTRICT") is a local government entity within the meaning of Title II of the ADA, recipient of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, and has at least 50 employees. The DISTRICT is also the recipient of financial assistance from the State of California. Presently, and at all times relevant to this Complaint, The DISTRICT was and is a business establishment within the meaning of the Unruh Civil Rights Act. The DISTRICT is sued in their own right and on the basis of the acts of their officials, agents, and employees.

17.     Defendant BRUCE GARVER is employed by the DISTRICT as a special education teacher. As PLAINTIFF'S teacher, BRUCE GARVER had authority and control of his classroom, including the policies, practices, procedures, facilities, maintenance, programs, activities, and services within his classroom. As PLAINTIFF'S teacher, BRUCE GARVER was responsible for ensuring that his classroom complied with state and federal laws. Defendant GARVER intentionally and unlawfully battered and assaulted Plaintiff for no pedagogical purpose. Defendant GARVER is sued in his individual and official capacities.

18.     Defendants JAMIE HOLLINGWORTH, GLENDA WASHINGTON, and LAURA PLAISANCE were or are paraeducators employed by the DISTRICT. Defendants HOLLINGWORTH, WASHINGTON, and PLAISANCE witnessed the assault and battery upon Plaintiff in the classroom and knowingly and purposefully participated in covering up the abuse of Plaintiff by failing to document and report all injuries to Plaintiff. Defendants HOLLINGWORTH, WASHINGTON, and PLAISANCE participated in the abuse of Plaintiff by closing off the classroom so that others could not see the assault and battery committed by

- 5 -
CIVIL COMPLAINT

BRUCE GARVER. Defendants HOLLINGWORTH, WASHINGTON, and PLAISANCE are sued in their individual and official capacity.

19.   Defendant JOSE BARAJAS is the principal of Lancaster High School. As principal, JOSE BARAJAS has authority and control over Lancaster High School's programs and facilities, including policies, practices, procedures, programs, activities, services, training, and employees of those schools. The principal is responsible for ensuring that Lancaster High School complies with state and federal laws. JOSE BARAJAS knowingly and purposefully participated in covering up the abuse of Plaintiff by failing to document and report all injuries to Plaintiff. JOSE BARAJAS is sued in his individual and official capacity.

20.   Defendant MICHELLE PARSONS is the vice principal of Lancaster High School. As vice principal, she has authority and control over Lancaster High School's programs and facilities, including policies, practices, procedures, programs, activities, services, training, and employees of those schools. The vice principal is responsible for ensuring that Lancaster High School complies with state and federal laws. MICHELLE PARSONS knowingly and purposefully participated in covering up the abuse of Plaintiff by failing to document and report all injuries to Plaintiff. MICHELLE PARSONS is sued in her individual and official capacity.

21.   Defendant JOHAN MEKEL is employed by THE DISTRICT as the Director of Special Education. The Director of Special Education has authority and control of the special education classrooms, including the policies, practices, procedures, facilities, maintenance, programs, activities, services, training, and employees of those classrooms. The Director of Special Education is responsible for ensuring that the DISTRICT schools comply with special education laws. JOHAN MEKEL is sued in his official capacity.

22.     CHERI KREITZ is the Director of Student Services and the Compliance Officer for the Antelope Valley Union High School District responsible for the DISTRICT'S compliance with non-discrimination laws and Uniform Complaint Procedures. CHERI KREITZ is sued in her official capacity.

23.     DAVID J. VIERRA is Superintendent of the DISTRICT. The Superintendent accepts responsibility for the general efficiency of the school system, including the policies, practices, procedures, programs, activities, services, training, and employees of those schools. The Superintendent is responsible for the development of the school staff, and for the educational growth and welfare of the students, as well as for ensuring compliance with state and federal laws. DAVID J. VIERRA is sued in his official capacity.

24.     The names and capacities, whether individual, corporate, otherwise, sued herein as DOES 1-10, inclusive, are presently unknown, and Plaintiff will amend the Complaint to insert them when ascertained.  Plaintiff is informed and believe and thereon allege that each of these Defendants was a resident of this District and/or has principal offices or was doing business in this District and was and is responsible in some way for the events and damages alleged in this Complaint.

25.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and at all times acting and performing, or failing to act or perform, within the course and scope of each similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other

Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

26.     Hereafter, references to "Defendants" shall include Paragraphs 16-25, inclusive, above.

## **FACTUAL ALLEGATIONS**

27.     Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 26, as though fully set forth herein.

28.     Defendants committed several acts against Plaintiff throughout the time period of August 2011 to present.

29.     Defendants failed to adequately document these acts, failed to adequately report these acts, and failed to take reasonable steps to prevent further abuse.

30.     From August 2011 to October 2014, Plaintiff attended Lancaster High School (LHS), in a Special Day Class for students with Severe Disabilities (SDC/SDD). Her teacher throughout that time was DEFENDANT BRUCE GARVER.

31.     Prior to attending Lancaster High School, Carlisa attended Linda Verde Center between her fifth and eighth grade years. Carlisa's individualized education plans ("IEPs") indicated that she was "always happy." For example, during speech time she always exhibited "a hearty laugh at another's response or action." Her IEPs described, however, when Carlisa would become agitated she may show aggressive behaviors such as scratching, kicking, or biting. According to those IEPs, "the best way to support" Carlisa when she behaved with aggression was redirection of the behavior. The behaviors were not serious enough to warrant a behavior support plan. In fact,

Carlisa was not given any goal to address the aggression she experienced at times when she became agitated. Instead, the teachers and staff at the Linda Verde Learning Center learned what triggered those behaviors (usually sensory related) and were able to prevent Carlisa from becoming agitated or quickly responded with positive redirection. Carlisa's parents were never informed by any staff at the Linda Verde Center that Carlisa demonstrated any other problematic behaviors.

32.  Carlisa's first IEP meeting at Lancaster High School did not take place until March 26, 2012, during the Spring semester of her freshman year. The IEP prepared by her new school district indicated that her behaviors *do not* impede her learning or the learning of others. While the IEP notes indicated that she expresses anger or frustration with scratching or biting attempts, again Carlisa's IEP team did not determine she required a behavior support plan or any behavior goals relating to her periodic aggression.

33.  Carlisa's report cards from the ninth, tenth, and eleventh grades indicate that her citizenship was "Outstanding" in each of her six class periods, as rated by her teacher DEFENDANT GARVER.

34.  Throughout her time at Lancaster High School in DEFENDANT GARVER'S classroom, Carlisa's IEPs indicate that her behavior *does not impede* her learning. Despite being Carlisa's case carrier and a member of her IEP team, DEFENDANT GARVER never informed the parents of Carlisa demonstrating aggressive behaviors, such as lying on her back and kicking.

35.  On October 8, 2014, Carlisa's mother received a phone call by a detective from the Los Angeles County Sheriff's Department, Scott Peterson. He informed her that something happened to Carlisa at school and requested Mrs. Ware to come to the school. Before informing her of any of the allegations, Detective Peterson asked Mrs. Ware how DEFENDANT

1   GARVER was as a teacher. Mrs. Ware informed Det. Peterson, without

2   knowing what had been reported regarding DEFENDANT GARVER, that she

3   thought he was an excellent teacher.

4       36.     When Ms. Ware arrived at the school, she was informed that a

5   district employee had recently reported that in January 2014 she saw

6   DEFENDANT GARVER inappropriately dragging Carlisa on the floor by her

7   feet, causing her diaper to ruffle up. Detective Peterson informed Ms. Ware

8   that he had conducted an investigation regarding the abuse allegations and

9   prepared a report, which he could not disclose. The detective further stated

10  that the parents would need a court order to obtain the report from the sheriff's

11  department because it involved a minor. No other information regarding the

12  allegations of abuse was provided to the parents by the DISTRICT or Sheriff's

13  Department.

14      37.     After learning of the abuse allegations, the parents requested that

15  Carlisa be immediately moved out of DEFENDANT GARVER'S classroom.

16  The DISTRICT did not respond to the parents' request, but instead requested

17  the parents to return Carlisa to school. The parents decided to keep Carlisa

18  home for her safety and wellbeing until she was placed at a different school.

19      38.     Only after receiving notification that Carlisa had retained counsel,

20  the District provided the parents notice of a meeting to discuss the "possible

21  change of placement" for Carlisa.

22      39.     On November 13, 2014, the District finally met with Carlisa's

23  parents to address Carlisa's placement and agreed to move Carlisa to Quartz

24  Hill High School.

25      40.     On March 30, 2015, the parent filed a request for an investigation

26  of the January 2014 alleged abuse by Mr. Garver per the District's Uniform

27  Complaint Procedures. According to the DISTRICT'S Uniform Complaint

28

- 10 -
CIVIL COMPLAINT

Procedures, "Complaints will be investigated, and a written decision or report will be sent to the complainant within sixty (60) days from the receipt of the complaint. This sixty (60) day time period may be extended by written agreement of the complainant. The District personnel responsible for investigating the complaint shall conduct and complete the investigation in accordance with sections 4680-4687 and in accordance with local procedures adopted under section 4621."

41.    On or about May 16, 2015, the DISTRICT informed the Parents that it would provide a response to the Parents UCP complaint by June 1, 2015.

42.    To date, the District has failed in its responsibilities under its Uniform Complaint Procedures and the parents have not received any report or other communication relating to their UCP complaint.

43.    The parents were finally able obtain a copy of the Los Angeles County Sheriff's Department report in August 2015, regarding the abuse allegations against DEFENDANT GARVER.

44.    Lorraine Garcia, who is employed with the DISTRICT as a paraeducator and responsible for assisting students with Gastronomy tube feedings at various schools, reported that she witnessed in January 2014 DEFENDANT GARVER attempt to calm Carlisa down when she started having a "fit." GARVER was talking to Carlisa to calm her down and she somehow ended up on the floor. Ms. Garcia did not see how Carlisa ended up on the floor. While Carlisa was on the floor kicking and making noises, another paraeducator closed a partition, which appeared to be to prevent anyone from seeing the incident. Another paraeducator was peering out the window, appearing to keep a "look out." The behaviors of closing off the area were suspicious to Ms. Garcia because the outer doors are always closed to

1  keep students from wandering out and no one else appeared to be in the other

2  rooms.

3      45.    Ms. Garcia watched as DEFENDANT GARVER grabbed Carlisa

4  by both ankles and walked backwards about 10 feet. Carlisa was wearing a

5  tracksuit and a diaper at the time and the dragging caused her diaper to be

6  "ruffled up." According to Ms. Garcia, after GARVER released Carlisa's legs

7  she remained calm and on the ground for a couple of minutes. She again

8  became agitated for a second time and began kicking again toward GARVER,

9  who was able to grab one of her feet and pull her a second time for

10  approximately a foot.

11     46.    DEFENDANT GARVER admitted to the detective, "he has at

12  times moved Carlisa to the mats along the classroom walls by way of pulling

13  her by her feet." DEFENDANT GARVER further admitted that when Carlisa

14  was moved it was "usually only a couple of feet."

15     47.    In or about January 2014, Carlisa's parents noticed rug burns on

16  the side of her back. Carlisa's nurses who care for her in the home also noticed

17  the rug burns during that time. As Carlisa is nonverbal, she was unable to

18  report to her parents how she received the injuries. The rug burns have healed

19  and left pronounced scars on her back.

20     48.    As Carlisa's parents were never informed that Carlisa falls to the

21  ground at school and is moved by pulling her feet at times, they had no reason

22  to know that Carlisa received her injuries at school. Once the parents learned

23  about the incident witnessed by LORRAINE GARCIA in January 2014, they

24  realized that she received the injuries from DEFENDANT GARVER.

25     49.    Prior to attending Lancaster High School, Carlisa was a happy

26  and more social person. She would try to interact with others and enjoyed

27  those interactions. At some point during her freshman year, she became

28

1  withdrawn and began lying in her room, rocking herself to self soothe. Her

2  parents were not aware that Carlisa was experiencing humiliation,

3  discrimination and physical abuse within her classroom on a regular basis.

4      50.    Presently, Carlisa's parents are seeking a professional who

5  specializes in providing therapy for nonverbal individuals who have

6  experienced abuse to help Carlisa heal from the abuse she experienced at

7  Lancaster High School.

8      51.    Plaintiff believes that further instances of abuse occurred and that

9  further investigation is necessary to determine the full extent of both the abuse

10  and injuries.

11                    **FIRST CLAIM FOR RELIEF**

12                (Violation of 42 U.S.C. §§ 12101, *et seq.* –
              Against the DISTRICT and DOES 1-10)

13

14      52.    Plaintiff incorporates, by reference herein, the allegations in

15  paragraphs 1 through 51, as though fully set forth herein.

16      53.    Defendant's acts and omissions alleged herein are in violation of

17  the Americans with Disabilities Act, 42 U.S.C. sections 12101, *et seq.*, and the

18  regulations promulgated thereunder 28 C.F.R. Part 35, *et seq.*

19      54.    Defendant's conduct described herein violated the ADA, in that

20  Plaintiff, who is a student with disabilities, is either not provided programs,

21  services, and activities that are provided to non-disabled students, or is

22  provided programs, services, and activities that are not equal to, and are

23  inferior to, the services provided to students who are not physically disabled.

24  In fact, Plaintiff was abused because of her disabilities, which amounts to

25  disability discrimination. Defendant has demonstrated a deliberate indifference

26  that harm to Plaintiff's federally protected rights under the ADA was

27  substantially likely, and failed to act upon that likelihood.

28

55.     Defendant's conduct violated and continues to violate the ADA and unless restrained from doing so, Defendant will continue to violate the ADA. Defendant's conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

56.     Consequently, Plaintiff is entitled to injunctive relief pursuant to Section 308 of the ADA (42 U.S.C. section 12188). As a proximate cause of the actions of Defendant herein, Plaintiff is also entitled to a Declaration that Defendant's actions or omissions violate Plaintiff's rights under the ADA, Damages according to proof, Plaintiff's reasonable attorneys fees, Plaintiff's costs of suit incurred herein, including expert fees, and such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(Violation of 29 U.S.C. §§ 794, *et seq.* - Against

the DISTRICT and DOES 1-10)

57.     Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 56, as though fully set forth herein.

58.     Defendant's acts and omissions described herein have resulted in unequal access to the facilities, programs, services, and activities provided by Defendant as alleged herein in violation of 29 U.S.C. section 794, *et seq.*, the Rehabilitation Act of 1973, and the regulations promulgated thereunder, 34 C.F.R. Pt. 104, *et seq.*

59.     Defendant is the recipient of federal funds and is a public entity covered under Section 504.

60.     Defendant unlawfully discriminated against Plaintiff on the sole basis of disability.

61.     Defendant has demonstrated a deliberate indifference that harm to Plaintiff's federally protected rights under 29 U.S.C. §§ 794, *et seq.* was substantially likely, and failed to act upon that likelihood.

62.     Plaintiff is a qualified individual with disabilities.

63.     Solely by reason of her disabilities, Plaintiff has been excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full and equal access to the facilities, programs, services, and activities offered by Defendant.

64.     As a proximate cause of the actions of Defendant herein, Plaintiff is entitled to an order and judgment enjoining Defendant from violating Plaintiff's rights under 29 U.S.C. §§ 794, *et seq*., a Declaration that Defendant's actions or omissions violate Plaintiff's rights under 29 U.S.C. §§ 794, *et seq.*, Damages according to proof, Plaintiff's reasonable attorneys fees, Plaintiff's costs of suit incurred herein, including expert fees, and such other and further relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF

(Violation of California Civil Code §§ 51, *et seq.* - Against the DISTRICT and DOES 1-10).

65.     Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 64, as though fully set forth herein.

66.     Defendant's actions described herein have violated and continue to violate the Unruh Civil Rights Act, California Civil Code sections 51, *et seq.*, in that Plaintiff, who is a student with disabilities, is either not provided programs, services, and activities that are provided to non-disabled students, or is provided programs, services, and activities that are not equal to, and are inferior to, the services provided to students that are not physically disabled. In

1  fact, Plaintiff was abused because of her disabilities, which amounts to

2  disability discrimination.

3      67.    Defendant DISTRICT is a business establishments in the State of

4  California as required by California Civil Code §51(b).

5      68.    Defendant has committed additional violations of the Unruh Civil

6  Rights Act in that the conduct alleged herein constitutes a violation of various

7  provisions of the Americans with Disabilities Act, 42 U.S.C. sections 12101,

8  *et seq.*, as set forth above.

9      69.    Defendant's actions were and are in violation of the Unruh Civil

10  Rights Act, California Civil Code sections 51, *et seq.*, and therefore Plaintiff is

11  entitled to injunctive relief.

12      70.    The actions of the Defendant were the product of joint action

13  between public entities and individual employees.

14      71.    In addition, Defendant is liable to Plaintiff for each and every

15  offense for actual damages and multiple damages of up to three times the

16  actual damages incurred but in no case less than $4000 per offense pursuant to

17  California Civil Code section 52.

18      72.    Plaintiff is also entitled to reasonable attorneys fees and costs.

19              **FOURTH CLAIM FOR RELIEF**
       (Violation of California Government Code §§ 11135, *et seq.* –
20                 Against the DISTRICT and DOES 1-10)

21

22      73.    Plaintiff incorporates, by reference herein, the allegations in

23  paragraphs 1 through 72, as though fully set forth herein.

24      74.    Plaintiff is an individual with disabilities within the meaning of

25  Section 11135(c) of the California Government Code.

26

27

28

75.     Defendant receives financial assistance from the State of California sufficient to invoke the coverage of Sections 11135, *et seq.*, of the California Government Code.

76.     Defendant employs more than fifty employees.

77.     By its actions or inactions in refusing on the basis of disability to provide Plaintiff full and equal access to the facilities, programs, services, and activities of the District, Defendant has denied Plaintiff's rights under Sections 11135, *et seq.*, of the California Government Code and the regulations promulgated thereunder.

78.     Plaintiff has no adequate remedy at law. Unless the relief requested herein is granted, Plaintiff will suffer irreparable harm in that, on the basis of disability, she will once again be discriminated against and denied full and equal access to Defendant's facilities, programs, services, and activities.

79.     As a proximate cause of the actions of Defendant herein, Plaintiff is entitled to an order and judgment enjoining Defendant from violating Plaintiff's rights under California Government Code §§ 11135, *et seq.*, a Declaration that Defendant's actions or omissions violate Plaintiff's rights under California Government Code §§ 11135, *et seq.*, Damages according to proof, Plaintiff's reasonable attorneys fees, Plaintiff's costs of suit incurred herein, including expert fees, and such other and further relief as the Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

(Violation of 42 U.S.C. Section 1983- Due Process Clause of the Fourteenth Amendment to the United States Constitution - Against Defendants GARVER, BARAJAS, PARSONS, HOLLINGWORTH, PLAISANCE, WASHINGTON, MEKEL, KREITZ, VIERRA, and DISTRICT and DOES 1-10).

80.     Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 79, as though fully set forth herein.

81.     Defendants' actions described herein constituted egregious conduct in the form of excessive use of physical force in violation of Plaintiff's Substantive Due Process rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

82.     Defendants' actions described herein constituted force that was excessive, unjustified, and malicious, in violation of Plaintiff's Substantive Due Process rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

83.     Defendant the DISTRICT, as state actors for purposes of section 1983, and Defendants GARVER, HOLLINGWORTH, PLAISANCE, and WASHINGTON, as employees of the DISTRICT, acted under the color of state law.

84.     Defendants BARAJAS, PARSONS, MEKEL, KREITZ, and VIERRA, are liable as supervisors because the actions described herein constituted culpable action or inaction in the training, supervision, and control of subordinates, acquiescence in the constitutional deprivation after a complaint was made, and showed a reckless or callous indifference to the rights of Plaintiff.

85.     Defendant the DISTRICT, as state actors for purposes of section 1983, and Defendants BARAJAS, PARSONS, MEKEL, KREITZ, and VIERRA, as employees of the DISTRICT, acted under the color of state law.

86.     As a proximate cause of the actions of Defendants herein, Plaintiff is entitled to an order and judgment enjoining Defendants from violating Plaintiff's rights to substantive due process under the Constitution of the United States, a Declaration that Defendants' actions or omissions violate Plaintiff's rights to substantive due process under the Constitution of the United States, Damages according to proof, Punitive Damages (from

individual Defendants only), Plaintiff's reasonable attorneys fees, Plaintiff's

costs of suit incurred herein, including expert fees and such other and further

relief as the Court deems just and proper.

## SIXTH CLAIM FOR RELIEF

(Violation of 42 U.S.C. Section 1983 - Violation of the Equal Protection
Clause of the Fourteenth Amendment to the United States Constitution –
Against Defendants GARVER, BARAJAS, PARSONS, HOLLINGWORTH,
PLAISANCE, WASHINGTON, MEKEL, KREITZ, VIERRA, and
DISTRICT and DOES 1-10).

87.   Plaintiff incorporates, by reference herein, the allegations in

paragraphs 1 through 86, as though fully set forth herein.

88.   Defendants' actions described herein have violated and continue

to violate the Equal Protection Clause of the Fourteenth Amendment to the

United States Constitution, in that Plaintiff, who is a student with disabilities,

is either not provided programs, services, and activities that are provided to

non-disabled students, or is provided programs, services, and activities that are

not equal to, and are inferior to, the services provided to students are not

physically disabled.

89.   Defendants' actions described herein have violated and continue

to violate the Equal Protection Clause of the Fourteenth Amendment to the

United States Constitution, in that Plaintiff was abused and continues to be

exposed to potential abuse because of her disabilities, which amounts to

disability discrimination.

90.   Defendants the DISTRICT, as state actors for purposes of section

1983, and Defendants GARVER, HOLLINGWORTH, PLAISANCE, and

WASHINGTON, as employees of the DISTRICT, acted under the color of

state law.

91.   Defendants BARAJAS, PARSONS, MEKEL, KREITZ, and

VIERRA, are liable as supervisors because the actions described herein

constitute culpable action or inaction in the training, supervision, and control of subordinates, acquiescence in the constitutional deprivation after a complaint was made, and showed a reckless or callous indifference to the rights of Plaintiff.

92.    Defendants the DISTRICT, as state actors for purposes of section 1983, and Defendants BARAJAS, PARSONS, MEKEL, KREITZ, and VIERRA, as employees of the DISTRICT, acted under the color of state law.

93.    As a proximate cause of the actions of Defendants herein, Plaintiff is entitled to an order and judgment enjoining Defendants from violating Plaintiff's rights to equal protection under the Constitution of the United States, a Declaration that Defendants' actions or omissions violate Plaintiff's rights to equal protection under the Constitution of the United States, Damages according to proof, Punitive Damages (from individual Defendants only), Plaintiff's reasonable attorneys fees, Plaintiff's costs of suit incurred herein, including expert fees and such other and further relief as the Court deems just and proper.

### SEVENTH CLAIM FOR RELIEF
(Battery - Against Defendant GARVER, the DISTRICT and DOES 1-10)

94.    Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 93, as though fully set forth herein.

95.    Defendant GARVER intentionally committed acts which resulted in harmful or offensive contact with Plaintiff's person when he committed the acts described herein.

96.    During the commission of the acts alleged herein, Plaintiff did not consent to the contact.

97.    Defendant GARVER harmful or offensive contact caused injury or harm to Plaintiff.

98.    California Government Code section 820 provides that a public employee is liable for injury caused by his act or omission to the same extent as a private person.

99.    California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

100.   The DISTRICT, a public entity, was at all relevant times the employer of Defendant GARVER.

101.   Defendant GARVER committed the acts described herein while acting within the scope of his employment with the DISTRICT of educating, disciplining, and supervising Plaintiff.

102.   The DISTRICT is therefore vicariously liable for the actions of its employee acting within the scope of his employment.

103.   As a direct and proximate result of the actions of Defendants herein, Plaintiff is entitled to Damages according to proof, Punitive Damages (from individual Defendants only), Plaintiff's reasonable attorneys fees, Plaintiff's costs of suit incurred herein, and such other and further relief as the Court deems just and proper.

### EIGHTH CLAIM FOR RELIEF

(Assault - Against Defendant GARVER, the DISTRICT and DOES 1-10)

104.   Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 103, as though fully set forth herein.

105.   Defendant GARVER demonstrated the unlawful intent to inflict immediate injury on Plaintiff when he committed the acts described herein.

106.   Defendant GARVER'S acts described herein placed Plaintiff in imminent apprehension of harmful or offensive contact.

107.   Defendant GARVER's harmful or offensive contact caused injury or harm to Plaintiff.

108.   California Government Code section 820 provides that a public employee is liable for injury caused by his act or omission to the same extent as a private person.

109.   California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

110.   The DISTRICT, a public entity, was at all relevant times the employer of Defendant GARVER.

111.   Defendant GARVER committed the acts described herein while acting within the scope of his employment with the DISTRICT of educating, disciplining, and supervising Plaintiff.

112.   The DISTRICT is therefore vicariously liable for the actions of its employee acting within the scope of his employment.

113.   As a direct and proximate result of the actions of Defendants herein, Plaintiff is entitled to Damages according to proof, Punitive Damages (from individual Defendants only), Plaintiff's reasonable attorneys fees, Plaintiff's costs of suit incurred herein, and such other and further relief as the Court deems just and proper.

## TENTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress - Against Defendants GARVER, the DISTRICT and DOES 1-10)

114.   Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 113, as though fully set forth herein.

115.   Defendant GARVER engaged in extreme and outrageous conduct when he intentionally committed the acts described herein.

116.   As a result of Defendant GARVER's extreme and outrageous conduct, Plaintiff has suffered severe emotional distress.

117.   California Government Code section 820 provides that a public employee is liable for injury caused by his act or omission to the same extent as a private person.

118.   California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

119.   The DISTRICT, a public entity, was at all relevant times the employer of Defendant GARVER.

120.   Defendant GARVER committed the acts described herein while acting within the scope of his employment with the DISTRICT of educating, disciplining, and supervising Plaintiff.

121.   The DISTRICT is therefore vicariously liable for the actions of its employee acting within the scope of his employment.

122.   As a direct and proximate result of the actions of Defendants herein, Plaintiff has sustained Damages according to proof.

123.   Defendant GARVER'S conduct constitutes a knowing disregard for the rights and safety of Plaintiff sufficient to justify an award of Punitive Damages against him.

124.   Plaintiff is entitled to recover her reasonable attorneys fees and costs.

### ELEVENTH CLAIM FOR RELIEF
(Negligent Supervision - Against Defendants BARAJAS, PARSONS, MEKEL, KREITZ, and VIERRA, and the DISTRICT and DOES 1-10).

125.   Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 124, as though fully set forth herein.

126.   Defendants had a legal duty to exercise reasonable care in supervising "special needs" students in its charge pursuant to California Education Code section 44807 and may be held liable for injuries proximately caused by the failure to exercise such care.

127.   Plaintiff is a "special needs" student who is particularly vulnerable and dependent upon the Defendants, who, correspondingly, had control over Plaintiff's welfare.

128.   The DISTRICT and BARAJAS, PARSONS, MEKEL, KREITZ, and VIERRA breached their duties to Plaintiff when they failed to supervise Plaintiff and their employees while Plaintiff was on the DISTRICT grounds during the abuse described herein and failed to ensure their teachers and classroom aides were adequately trained and provided proper supervision.

129.   Defendants were aware of the probable dangerous consequences of their conduct, and willfully and deliberately failed to avoid those consequences. Defendants knew, or should have known, it was highly probable that harm would result from their actions described herein.

130.   California Government Code section 820 provides that a public employee is liable for injury caused by his act or omission to the same extent as a private person.

131.   California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

132.   The DISTRICT, a public entity, was at all relevant times the employer of Defendants BARAJAS, PARSONS, MEKEL, KREITZ, and VIERRA.

133.   Defendants BARAJAS, PARSONS, MEKEL, KREITZ, and VIERRA committed the acts described herein while acting within the scope of

their employment with the DISTRICT of educating, disciplining, and/or supervising Plaintiff.

134.   The DISTRICT is therefore vicariously liable for the actions of its employee acting within the scope of their employment.

135.   As the direct and proximate result of Defendants' negligence, Plaintiff suffered physical abuse and (and continues to suffer) severe emotional distress.

136.   As a direct and proximate result of the actions of Defendants herein, Plaintiff is entitled to Damages according to proof.

## TWELFTH CLAIM FOR RELIEF
(Negligence - Against Defendants GARVER, BARAJAS, PARSONS, HOLLINGWORTH, PLAISANCE, WASHINGTON, MEKEL, KREITZ, VIERRA, and DISTRICT, and DOES 1-10).

137.   Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 136, as though fully set forth herein.

138.   California law has long imposed on school authorities a duty to supervise at all times the conduct of children on school grounds and to enforce those rules and regulations necessary for their protection.

139.   As set forth extensively above, Defendants breached their duties, statutory and otherwise, to provide Plaintiff with a learning environment free from abuse.

140.   Defendants were aware of the probable dangerous consequences of their conduct, and willfully and deliberately failed to avoid those consequences. Defendants knew, or should have known, it was highly probable that harm would result from their actions described herein.

141.   As the actual and proximate cause of Defendant's negligence, Plaintiff suffered physical abuse and severe emotional distress and continues to suffer severe emotional distress.

142.   California Government Code section 820 provides that a public employee is liable for injury caused by his act or omission to the same extent as a private person.

143.   California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

144.   The DISTRICT, a public entity, was at all relevant times the employer of Defendants GARVER, BARAJAS, PARSONS, HOLLINGWORTH, PLAISANCE, WASHINGTON, MEKEL, KREITZ, and VIERRA.

145.   Defendants GARVER, BARAJAS, PARSONS, HOLLINGWORTH, PLAISANCE, WASHINGTON, MEKEL, KREITZ, and VIERRA committed the acts described herein while acting within the scope of his/her employment with the DISTRICT of educating, disciplining, and/or supervising Plaintiff.

146.   The DISTRICT is therefore vicariously liable for the actions of its employee acting within the scope of his/her employment.

147.   As a direct and proximate result of the actions of Defendants herein, Plaintiff has and continues to sustain Damages according to proof.

## THIRTEENTH CLAIM FOR RELIEF

(Violation of California Education Code §§ 200, 201, 220, and 260 *et seq.* - Against VIERRA in his Official Capacity only)

148.   Plaintiff incorporates, by reference herein, the allegations in paragraphs 1 through 147, as though fully set forth herein.

1    149.   Plaintiff is an individual with disabilities within the meaning of

2  Section 220 of the California Education Code.

3    150.   Defendant the DISTRICT receives financial assistance from the

4  State of California sufficient to invoke the coverage of sections 220 and 260,

5  *et seq.*, of the California Education Code.

6    151.   By his actions or inactions in failing to enact an adequate formal

7  or informal policy to ensure that the DISTRICT is providing a learning

8  environment free from discrimination on the basis of disability as provided in

9  California Education Code section 220, Defendant VIERRA denied Plaintiff's

10  rights under Sections 200, 201, 220, and 260, *et seq.*, of the California

11  Education Code and the regulations promulgated thereunder.

12    152.   Plaintiff has no adequate remedy at law. Unless the relief

13  requested herein is granted, Plaintiff will suffer irreparable harm in that she

14  will continue to be denied a learning environment free from discrimination on

15  the basis of disability as provided in California Education Code section 220.

16    153.   As a proximate cause of the actions of Defendants herein,

17  Plaintiff is entitled to an order and judgment enjoining Defendants from

18  violating Plaintiff's rights under California Education Code sections 200, 201,

19  220, and 260, *et seq.,* a Declaration that Defendants' actions or omissions

20  violate Plaintiff's rights under California Education Code sections 200, 201,

21  220, and 260, *et seq.*, and reasonable attorneys fees and costs.

22  **FOURTEENTH CLAIM FOR RELIEF**

23  (Violation of the Equal Protection Clause of the California Constitution,
Article I, Section 7(a) & Article IV Section 16(a) - Against GARVER,

24  BARAJAS, PARSONS, HOLLINGWORTH, PLAISANCE, WASHINGTON,

25  MEKEL, KREITZ, VIERRA, the DISTRICT and DOES 1-10)

26    154.   Plaintiff incorporates, by reference herein, the allegations in

27  paragraphs 1 through 153, as though fully set forth herein.

28

155.   Defendants' actions have violated and continue to violate Plaintiff's right not to be deprived of equal protection of the laws under California Constitution, Article I, Section 7(a) & Article IV Section 16(a), in that Plaintiff, who is a student with disabilities, is either not provided programs, services, and activities that are provided to non-disabled students, or is provided programs, services, and activities that are not equal to, and are inferior to, the services provided to students that are not physically disabled. In fact, Plaintiff was abused because of her disabilities, which amounts to disability discrimination.

156.   Defendants GARVER, BARAJAS, PARSONS, HOLLINGWORTH, PLAISANCE, WASHINGTON, MEKEL, KREITZ, and VIERRA committed the acts described herein while acting within the scope of his/her employment with the DISTRICT of educating, disciplining, and/or supervising Plaintiff.

157.   The DISTRICT is also therefore vicariously liable for the actions of its employee acting within the scope of his/her employment.

158.   As a proximate cause of the actions of Defendants herein, Plaintiff is entitled to an order and judgment enjoining Defendants from violating Plaintiff's rights to equal protection under the California Constitution and a Declaration that Defendants' actions or omissions violate Plaintiff's rights to equal protection under the California Constitution.

WHEREFORE, Plaintiff prays for relief as follows:

**PRAYER FOR RELIEF**

1.   For an order and judgment enjoining Defendants from violating the Americans with Disability Act; Section 504 of the Rehabilitation Act of 1973; California Civil Code sections 51, *et*

1    *seq.*, California Civil Code sections 54, *et seq.*, California

2    Government Code section 11135, *et seq.*, California Education

3    Code sections 200, 201, 220, and 260, *et seq.*, the California

4    Constitution, and the United States Constitution;

5    2.    For a Declaration that the ANTELOPE VALLEY UNION HIGH

6          SCHOOL DISTRICT'S policies, practices, or procedures

7          concerning the improper discipline/behavior management of

8          children with disabilities denied their right to full and equal

9          access to, and use and enjoyment of, the facilities, programs,

10         services, and activities of ANTELOPE VALLEY UNION HIGH

11         SCHOOL DISTRICT as required by law;

12   3.    For a Declaration that Defendants' actions or omissions violate

13         Plaintiff's rights to substantive due process under the Constitution

14         of the United States;

15   4.    For a Declaration that Defendants' actions or omissions violate

16         Plaintiff's rights to equal protection under the Constitution of the

17         United States;

18   5.    For a Declaration that Defendants' actions or omissions violate

19         Plaintiff's rights under the Equal Protection Clause of the

20         California Constitution;

21   6.    For damages according to proof;

22   7.    For punitive damages (against individual Defendants only);

23   8.    For Plaintiff's reasonable attorneys fees;

24   9.    For costs of suit incurred herein; and

25   10.   For such other and further relief as the Court deems just and

26         proper.

27

28

Dated:  October 15, 2015          SURISA RIVERS LAW OFFICE


By: _____
Surisa Rivers, Attorney for Plaintiff


## **JURY DEMAND**

Plaintiff hereby demands a jury trial.


Dated:  October 15, 2015          SURISA RIVERS LAW OFFICE


By: _____
Surisa Rivers, Attorney for Plaintiff